UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
MIAMI, FLORIDA

**LUIS LOZANO,**

      **Plaintiff**

vs

**MIAMI PARKING AUTHORITY,
a/k/a DEPARTMENT OF OFF-STREET
PARKING OF THE CITY OF MIAMI**

      **Defendant.**
_____/

**COMPLAINT**

Plaintiff, MR. LUIS LOZANO, by and through undersigned counsel submits this Complaint against Defendant MIAMI PARKING AUTHORITY, a/k/a DEPARTMENT OF OFF-STREET PARKING OF THE CITY OF MIAMI, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et. seq*., ("Title VII") and The Fair Labor Standards Act, *as amended*, 29 U,S.C. § 216(b)  ("FLSA").  In support thereof Plaintiff avers as follows:

**ADMINISTRATIVE PREREQUISITE**

Plaintiff has complied with administrative prerequisites pursuant to Title VII, rendering his claim ripe for this Court.  The Equal Employment Opportunity Commission ("EEOC") issued a Right to Sue Letter dated February 22, 2011, received on or about February 25, 2011 (Attached).  As said Letter provides ninety (90) days from date of receipt, this Complaint is thereby timely.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as causes of action are a matter of federal law under Title VII, 42 U.S.C. § 2000(e) *et. seq* and FLSA, 29 U,S.C. § 216(b) .

2. Venue is proper in this District as all Defendants reside and/or operate in, and all unlawful acts occurred within Miami-Dade County.

3. That having exhausted the administrative prerequisites the claim is ripe for adjudication before this Court.

## GENERAL ALLEGATIONS

1. Plaintiff was employed by Defendant Parking Authority from February 1, 2007 until his termination on February 11, 2010. At the time of his separation from employment Plaintiff's title was Facility Supervisor.

2. At the time of his separation Plaintiff was assigned to Jackson Memorial Hospital (JMH) Campus parking facility.

3. Previous to working for Miami Parking Authority Plaintiff had worked at the same facility however under the previous ownership of another parking company, Central Parking System.

4. Based on information and belief, Defendant Miami Parking took over the JMH Campus from Central Parking System.  Miami Parking manages the parking facilities in the City of Miami including the JMH Campus.

5. Based on information and belief Miami Parking is controlled and operated by Department of Off-Street Parking of the City of Miami.

**COUNT I-Violation of FLSA**
**Failure to Pay Overtime**
**(29 U,S.C. § 216(b))**

6. Plaintiff re-alleges Paragraphs 1-5 as stated herein, and further avers;

7. At all times material hereto, Defendant company had 2 or more employees who regularly sold, handled, and/or otherwise worked on goods and/or materials which had moved in or were produced for commerce.

8. At all times material hereto, Defendant had gross sales in excess of $500,000 per year.

9. Based on information and belief, Defendant is/was engaged in commerce and/or in the production of goods for commerce as defined in sections 203(r) and 203(s) of the FLSA.

10. Although Plaintiff's position was classified by employer as exempt, the duties of facility supervisor as carried out by Plaintiff were non-exempt activities.

11. Plaintiff's non-exempt duties entailed: changing chips from parking meters, inspecting said meters, dealing with customer concerns/complaints, communicating with lead cashier re customer problems, and maintaining daily reports.

12. Plaintiff had no authority to hire, fire, and or discipline any employees.

13. Plaintiff's shift was normally from 10:30 pm to 6:30 five days a week. The hourly rate from 2007 until 2010 went from $14.42 to $15.46[1].

14. During his employ with Defendant he was required to work an additional and approximate 8 hrs per week, normally on Sundays. Plaintiff, however, along with the other Facility Supervisors, were not paid for the additional hours worked. Moreover, Plaintiff along with other Facility Supervisors were not paid the requisite time and one half rate (1 1/2) for all work performed over the 40 hrs.

---

[1] Plaintiff is unsure of the exact dates the hourly rate changed.

15. Based on information and belief and subject to differential hourly rate, Plaintiff is owed a total of 416 hrs (134 weeks of overtime x 8hrs per week) at the 11/2 rate of $23.19/hr. (calculated at $15.46). Accordingly, Plaintiff would be owed approximately 9,647.04.

16. Plaintiff, along with other facility supervisors, complained about the non-payment of these work hours. Defendant however never remedied the problem.

17. Said non-payment of overtime was intentional and willful. Accordingly, Plaintiff is entitled to liquidated damages from Defendant.

18. Plaintiff has retained undersigned counsel to represent him in this FLSA action, as such Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in bringing forth this action.

WHEREFORE, Plaintiff respectfully requests that this Court Order Defendant to pay due overtime, interests, liquidate damages, attorneys fees and costs, and any and all relief applicable under the law.

## COUNT II-Violations of Title VII
### Hostile and Intimidating Work Environment Based on Sex
### (42 U.S.C. §2000e, *et. seq.*)

19. Plaintiff re-alleges paragraphs 1-5 herein, and further avers:

20. At all times material hereto, Defendant Miami Parking Authority was an "employer" as defined by Title VII, continuously operating in this District and continuously with (15) fifteen or more employees.

21. At all times material hereto, Plaintiff was an "employee" as defined by Title VII and as such is entitled to all its provisions and protections.

22. During his employ Plaintiff along with other employees were subject to on the job sexual harassment due to relations and encounters between employee's supervisors and other employees.

23. Said relationships were physical and frequent and occurred on the job premises, in parked vehicles, and visible to Plaintiff and other employees during their work hours.

24. Said relationships were in violation of company policy, yet the company never resolved the situation despite complaints by other employees.

25. Said harassment was unwelcomed and unreasonably interfered with Plaintiff's work and or otherwise created an intimidating, hostile and objectively offensive work environment.

26. As a result of said actions, Plaintiff sustained and continues to sustain injury and damages.

WHEREFORE, Plaintiff respectfully requests that this Court: Order Defendant to institute and carry out policies, practices and programs which provide an environment free of sexual harassment; Grant a judgment in favor of Plaintiff and against all Defendants by paying lost benefits, back pay, interest and any and all compensatory damages such as attorney's fees and costs, emotional pain and suffering, and any other damages as allowed under applicable laws; Grant liquidated damages pursuant to Title VII as Defendant's actions were willful; Grant such further relief as the Court and law deems necessary and proper in the public interest.

### COUNT III-Violations of Title VII
### Based on Retaliation
### 42 U.S.C. §2000e-3(a)

27. Plaintiff re-alleges paragraphs 1-5, herein, and further avers:

28. During the time these public sexual encounters were occurring and before his termination, Plaintiff informed Manager Juan Perez that if the sexual relationships on the work site continued he would report them to HR.

29. A few days before his termination, Plaintiff reported the sexual and hostile environment to HR.

30. HR representative in fact said to Plaintiff "oh yes, we have been told about this situation by 3 other people."

31. Soon thereafter Plaintiff was terminated. The reason given to Plaintiff was his performance. Yet during his employ with Defendant, and in fact with the previous parking facility, Plaintiff had had excellent performance reviews.

32. That due to Plaintiff's filing, reporting, and or invoking his rights under Title VII he was retaliated upon for having engaged in this protected activity.

33. Said retaliation has deprived Plaintiff of employment opportunities.

34. Due to the temporal proximity between reporting violations of Title VII and the adverse employment action, there arises an inference that adverse employment actions were in retaliation.

35. As a direct and proximate result of said actions, Plaintiff sustained and continues to sustain injury and damages, such as emotional distress, embarrassment, humiliation, defamation of character and related damages in amounts subject to proof.

36. Said unlawful employment practices were intentional and in violation of 1991 Civil Rights Act.

WHEREFORE, Plaintiff respectfully requests that this Court: Order Defendant to institute and carry out policies, practices and programs which provide an environment free of sexual

harassment; Grant a judgment in favor of Plaintiff and against all Defendants by paying lost benefits, back pay, interest and any and all compensatory damages such as attorney's fees and costs, emotional pain and suffering, and any other damages as allowed under applicable laws; Grant liquidated damages pursuant to Title VII as Defendant's actions were willful; Grant such further relief as the Court and law deems necessary and proper in the public interest.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact underlying this Complaint.

Respectfully submitted,

s:/*Mayra L. Gonzalez-Kadzinski*
Mayra L. Gonzalez-Kadzinski
FBN: 540498
LAW OFFICES OF INTERNATIONAL
IMMIGRATION & LABOR SERVICES
3550 Biscayne Blvd.
Suite 510
Miami, FL 33137
Tel: 305-456-9195
Fax: 305-456-9616
Counsel for Plaintiff

## CERTIFICATION OF SOUTHERN BAR ADMISSION

I HEREBY certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: May 23, 2011

s:/*Mayra L. Gonzalez-Kadzinski*
Mayra Gonzalez-Kadzinski, Esq.
FBN: 0540498