UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-21876-CIV-PCH

LUIS LOZANO,

    Plaintiff(s)

vs.

MIAMI PARKING AUTHORITY,
a/k/a DEPARTMENT OF OFF-STREET
PARKING OF THE CITY OF MIAMI,

    Defendant.
_____/

## MIAMI PARKING AUTHORITY'S
## MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Defendant, THE DEPARTMENT OF OFF-STREET PARKING OF THE CITY OF MIAMI, a/k/a MIAMI PARKING AUTHORITY (hereinafter "MPA"), by and through undersigned attorney, pursuant to Rule 12(b)(6), Fed. R. Civ. Proc., move this court for an Order Dismissing Plaintiff's FIRST AMENDED COMPLAINT[1] [D.E.7]. As grounds, the Defendant would assert as follows:

## MEMORANDUM OF LAW

### I.
### PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE VII
### HOSTILE AND INTIMIDATING WORK ENVIRONMENT BASED ON SEX

In Count Two, Plaintiff attempts to allege being subjected by MPA to a hostile and intimidating work environment based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) *et. seq.* ("Title VII").

To establish liability under Title VII for a hostile work environment claim, a plaintiff must prove: (1) that he is a member of a protected class; (2) he was subjected to unwelcome sexual harassment based upon sex; and (3) there is a basis for employer liability. **Rosario v. Dept. of Army**, 607 F.3D 241 (1st Cir. 2010).

In Count Two, the Plaintiff alleges as follows:

> 24. During his employ Plaintiff along with other employees were subject to on the job sexual harassment **due to relations and encounters between employee's supervisors and other employees.**
>
> 25. Said relationships were physical and frequent and occurred on the job premises, in parked vehicles, and **visible to Plaintiff** and other employees during their work hours.
>
> 26. Said relationships also resulted in favorable working conditions to female employees as opposed to male counterparts…
>
> 28. Said relationships were in **violation of company policy**, yet the company never resolved the situation despite complaints by other employees.
>
> 29. Said harassment was unwelcomed and unreasonably interfered with Plaintiff's work and or otherwise created an intimidating, hostile and objectively offensive work environment.

For an atmosphere of sexual harassment to be actionable under Title VII, the offending behavior must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. **Pennsylvania State Police v. Suders**, 124 S. Ct. 2342 (2004).

The standard for determining whether conduct is actionable as "abusive work environment" harassment requires an objectively hostile or abusive environment, one that

---

[1] The filing of a Rule 12 motion directed to part of a complaint suspends the time to respond to the entire complaint. See **Rule 12(a)(4)(A), Fed. R. Civ. Proc.**; *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249 (W.D.N.Y. 1988)

a reasonable person would find hostile or abusive, as well as the victim's subjective perception that the environment is abusive. ***Harris v. Forklift Systems, Inc.***, 114 S. Ct. 367 (1993).

For purposes of a motion to dismiss, the allegations of a complaint must be accepted as true and viewed in a light most favorable to the Plaintiff. *See* ***Timson v. Sampson*** 518 F.3d 870 (11th Cir. 2008), *citing* ***Glover v. Liggett Group, Inc.***, 459 F.3d 1304, 1308 (11th Cir. 2006).

The complaint fails to establish that Plaintiff was subjected to any form of unwelcomed sexual harassment by any employee of MPA, that he is a member of a protected class, or that there is any employer liability due to employees engaging in personal relationships. Plaintiff merely alleges that he witnessed his supervisor and employees engaging in personal relationships, presumably during working hours, which he allegedly resulted in "favorable working conditions to female employees as opposed to male counterparts." This is not protected activity under Title VII.

Consequently, Count Two should be dismissed.

## II.
## PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE VII BASED ON RETALIATION

In Count Three of Plaintiff's complaint he alleges that he was terminated from his employment with MPA due to retaliation based on 42 U.S.C. Sec.2000e-3(a).

42 U.S.C. Sec. 2000e-3(a) provides in pertinent part:

> It shall be an unlawful practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job

> training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because <u>he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.</u>

In Count Three, the Plaintiff alleges as follows:

> 33. During the time these public sexual encounters were occurring and before his termination, Plaintiff <u>informed Manager Juan Perez that if the sexual relationships on the work site continued he would report them to HR.</u>

> 34. A few days before his termination, Plaintiff <u>reported the sexual and hostile environment to HR</u>.

A prima facie case of retaliation in violation of Title VII requires proof that (1) the employee engaged in activity protected under 42 U.S.C. Sec. 2000e-3(a), (2) the employer took adverse employment action against the employee, and (3) a causal connection existed between the employee's protected activity and the employer's employment action. *See* **Wyatt v. City of Boston**, 35 F.3d 13 (1st Cir. 1994).

Title VII protects employees from retaliation based on opposition to discrimination and participation in an investigation, proceeding, or hearing under Title VII. Plaintiff's complaint does not contain any allegations that he participated in a proceeding arising out of a charge of discrimination related to his supervisor's "sexual relationships" with other employee(s). Thus, Plaintiff's complaint falls under the "opposition prong" to be protected activity under Title VII.

To fall under the "opposition prong," an employee must oppose conduct that he reasonably and in good faith believed was in violation of Title VII. **Stuart v. General Motors Corp.**, 217 F.3d 621, 632 (8th Cir. 2000). In this regard, Plaintiff merely alleges

that he reported to HR that Mr. Perez was having sexual relationships on the work site. There is no allegation in the complaint that Plaintiff subjectively believed that the Mr. Perezs' relationship was nonconsensual, based on harassment, a result of a quid pro quo threats, or otherwise unlawful under Title VII.

In *Moberly v. Midcontinent Communication*, 711 F. Supp.2d 1028 (S.D. S.Dak. 2010) the court found that employee's conduct in telling a supervisor that two co-worker's were rumored to be having romantic relationship was insufficient to demonstrate that she engaged in protected activity, as required to establish prima facie case of retaliation under Title VII following her termination. As in Plaintiff's complaint, the employee presented no evidence that the relationship was non-consensual, based on harassment, the result of quid pro quo threats, or otherwise unlawful under Title VII. The Court went on to hold that even assuming she did subjectively believe that the relationship was unlawful, such belief was not objectively reasonable in the absence of any indication of lack of consent or harassing conduct.

Consequently, Count Three asserted against MPA fails, and must be dismissed.

**WHEREFORE,** the Defendant, MIAMI PARKING AUTHORITY, moves this Court for an Order dismissing the Plaintiff's Complaint in the particulars cited above.

MIAMI PARKING AUTHORITY's
MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 11-21876-CIV-PCH

Dated: July 13, 2011
      Miami, Florida

Respectfully submitted,

JULIE O. BRU, City Attorney
WARREN BITTNER, Deputy City Attorney
ILIANA FORTE, Assistant City Attorney
Attorney for **MIAMI PARKING AUTHORITY**
Miami Riverside Center, Suite 945
444 S.W. 2nd Avenue
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax. (305) 416-1801

By:   *s/ Warren Bittner*
      WARREN BITTNER
      Deputy City Attorney
      Fla. Bar #370959

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the __13th__ day of July, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   __*s/ Warren Bittner*__
      WARREN BITTNER
      Deputy City Attorney

MIAMI PARKING AUTHORITY's
MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 11-21876-CIV-PCH

# SERVICE LIST

Mayra L. Gonzalez-Kadzinski, Esq.
Law Offices of International
Immigration & Labor Services
3550 Biscayne Blvd.
Suite 510
Miami, FL 33137
Tel: (305) 456-9195
Fax: (305) 456-9616
E-mail: mlgins@yahoo.com
Attorneys for Plaintiff


**Warren Bittner, DCA**
**Iliana Forte, ACA**
Office of the City Attorney
Miami Riverside Center, Suite 945
444 S.W. 2nd Avenue
Miami, FL  33130-1910
Tel: (305) 416-1800
Fax: (305) 416-1801
iforte@miamigov.com
kjones@miamigov.com


280209